UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PERCY A. BRYANT, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2156 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION "J" (2) |
| | | Related to:  12-968 BELO in MDL 2179 |

## <u>ORDER AND REASONS</u>

Pending before me are five motions.  Defendant Garretson Resolution Group, Inc. ("GRG") filed a Rule 12(b)(6) Motion to Dismiss Plaintiff Percy A. Bryant, Jr.'s Amended Complaint and a Motion to Alter/Amend the Court's January 3, 2025, Transfer Order.  ECF Nos. 25, 26.  Plaintiff and Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP") filed a Consent Motion to Alter/Amend the January 3, 2025, Transfer Order, and Plaintiff then filed an Unopposed Motion to Withdraw that motion.  ECF Nos. 28, 29.  The parties then filed a Consent Motion to Alter/Amend the January 3, 2025, Transfer Order.  ECF No. 32.  Plaintiff filed a timely Opposition Memorandum in response to GRG's Rule 12(b)(6) Motion, and GRG filed a timely Reply.  ECF Nos. 27, 34.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the parties' submissions and arguments, and the applicable law, all five motions are DENIED for the reasons stated herein.

## I.    <u>BACKGROUND</u>

Plaintiff filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") against BP and Defendant Epiq Class Action & Claims, Solutions, Inc. ("Epiq") on August 30, 2024, alleging injuries as a result of exposure to oil, dispersants and other harmful chemicals while employed doing Deepwater Horizon cleanup operations from May

1

2010 through April 2012.  ECF No. 4 ¶¶ 1, 3.  On December 9th, the Court issued a Report and Recommendation as to Epiq's Rule 12(b)(6) motion, recommending that it be granted because Epiq was not the proper defendant for Plaintiff's claims against the Medical Settlement Agreement Claims Administrator ("Claims Administrator") and that Plaintiff be granted leave to file a second amended complaint so that he can name GRG as the Claim Administrator.  ECF No. 17; *see also* ECF No. 14.  On December 23rd, Plaintiff filed his Second Amended BELO Complaint, naming GRG as a defendant and the Claims Administrator.  ECF No. 18 ¶ 11.  Summons was issued to GRG on December 26th, and on December 30th, GRG was served.  ECF Nos. 20; 26-1 at 2.  The Honorable Carl J. Barbier adopted the undersigned's Report and Recommendation, making Plaintiff's Second Amended Complaint operative.  ECF No. 22.

Plaintiff and BP timely filed the required venue statement for BELO cases on December 30th,[1] stipulating that this case should be transferred to the Southern District of Alabama for further proceedings pursuant to 28 U.S.C. § 1404(a).  ECF No. 21.  On January 3, 2025, the undersigned found the convenience of the parties and witnesses and the interests of justices warranted transfer of this case pursuant to § 1404(a), and thus ordered the case transferred to the Southern District of Alabama.  ECF No. 23.[2]  On January 8th, the Court received notice from the Southern District of Alabama that it docketed this case at 4:14 p.m.  ECF No. 24.  At 4:43 p.m. and 4:45 p.m., GRG filed its Rule 12(b)(6) Motion to Dismiss and Motion to Alter/Amend the Court's January 3, 2025, Transfer Order, respectively.

---

[1] *See In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, ECF No. 14099 at 6.  GRG was not included in the statement.

[2] *See also* ECF No. 3-3 at 8 ("[N]othing in this MEDICAL SETTLEMENT AGREEMENT is intended to preclude a subsequent transfer of venue of such lawsuit to a different United States District Court Consistent with the Federal Rules of Civil Procedure.").

## II.    **APPLICABLE LAW AND ANALYSIS**

In its Motion to Alter/Amend the January 3, 2025, Transfer Order, GRG requests the Court alter/amend the order to retain jurisdiction of Plaintiff's claims asserted against GRG because it did not consent to the transfer of this case; the court has exclusive jurisdiction over it; and the claims involves the interpretation and declaration of certain rights under the Deepwater Horizon Medical Benefits Class Actions Settlement Agreement that should be decided by the court.  ECF No. 26-1 at 1.  Further, in the parties' Consent Motion, they request the January 3, 2025, Transfer Order be altered/amended to have the Court retain jurisdiction of this case while GRG's Rule 12(b)(6) motion is pending pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  ECF No. 32.

A district court loses jurisdiction over a case transferred to another district[3] when it is "docketed" in the transferee court.[4]  To enable this Court to address the present motions, the parties would have had to obtain a stay of the transfer order before the case was transferred.[5]  No party moved to stay the January 3, 2025, Transfer Order.  Thus, the docketing of the matter in the Southern District of Alabama on January 8th at 4:14 p.m. effected the transfer and extinguished this Court's jurisdiction over the case and the ability to consider the five motions before it.[6]

---

[3] *Mob Holdings, I, LLC v. Starr Surplus Lines Ins. Co.*, No. 23-2183, 2024 WL 3369487, *2 (E.D. La. July 10, 2024) (Long, J.) (citing *In Re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) (observing that a district court "lost its jurisdiction" over a case transferred to a district court in the Seventh Circuit)).

[4] *In re Space Expl. Techs., Corp.*, No. 24-40103, 2024 WL 982501, at *1 (5th Cir. Feb. 26, 2024) (citations omitted); *see also Mob Holdings*, 2024 WL 3359487, at *2 (finding the court lost jurisdiction over the case, at the latest, when transfer of the case was "completed"); *Mlodzianowksi v. Markus*, No. 20-01142, 2021 WL 6750852, at *2 (W.D. Tex. Oct. 7, 2021) (citing cases) ("Indeed, district courts across the Fifth Circuit have found that they lacked jurisdiction to reconsider a transfer order after a case was docketed in the transferee court."); *De La Cruz v. Graber*, No. 14-3846, 2015 WL 4508441, at *1 (N.D. Tex. July 24, 2015) (noting same).

[5] *Def. Distributed v. Platkin*, 55 F.4th 486, 492 (5th Cir. 2022); *accord. Home Furnishings Store, Ltd. v. Stiles Machinery, Inc.*, No. 11-698, 2011 WL 6329869, at *1 n.1 (E.D. La. Dec. 19, 2011) (Fallon, J.) (quoting 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3846 (3d ed. 2007)) ("Perhaps, as one commentator has observed, 'the better practice' would be 'to stay the effects of grants of transfer of venue routinely for a sufficient period to enable appellate review to be sought.'").

[6] *See Mob Holdings*, 2024 WL 3359487, at *2.

III.    **<u>CONCLUSION</u>**

Accordingly, for the foregoing reasons,

IT IS ORDERED that GRG's Motion to Dismiss (ECF No. 25), GRG's Motion to Alter/Amend the January 3, 2025, Transfer Order (ECF No. 26), Plaintiff's and BP's Consent Motion to Alter/Amend the January 3, 2025, Transfer Order (ECF No. 28), Plaintiff's Motion to Withdraw (ECF No. 29), and the parties' Consent Motion to Alter/Amend the January 3, 2025, Transfer Order (ECF No. 32) are DENIED for lack of jurisdiction.

New Orleans, Louisiana, this ___30th___ day of January, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE